**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

**CASE NO:**

ZACHARY KOLLEGGER, on
behalf of himself and all others
similarly situated,

    Plaintiff,

v.

626 AWI LLC, a Florida
limited liability company,
MICHAEL FISCHER, individually,
and PHILLIP REVIEN, individually,

    Defendants.

_____ /

**COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, ZACHARY KOLLEGGER ("Plaintiff") pursuant to *29 U.S.C. § 216(b)* files the following Collective Action Complaint for Damages and Demand for Jury Trial against Defendants, 626 AWI LLC ("AWI"), MICHAEL FISCHER ("FISCHER"), individually, and PHILLIP REVIEN ("REVIEN"), individually (hereinafter collectively referred to as "Defendants"), on behalf of himself and all others similarly situated, and alleges as follows:

**INTRODUCTION**

1. This collective action arises under the Fair Labor Standards Act ("FLSA") pursuant to *29 U.S.C. §§ 201–216*, to recover all overtime wages that Defendants refused to pay Plaintiff and similarly situated individuals during the past three (3) years.

## PARTIES

2. During all times material hereto, Plaintiff was a resident of the State of New York, over the age of 18 years, and otherwise *sui juris.*

3. During all times material hereto, Defendant, AWI, was a Florida limited liability company located and transacting business within Delray Beach, Florida, within the jurisdiction of this Honorable Court. AWI is headquartered and operates its principal location at 1395 NW 17th Avenue, Suite 113-114, Delray Beach, Florida 33445.

4. Defendant, AWI, was Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

5. Upon information and belief, during all times material hereto, Defendant, FISCHER, was a resident of the Southern District of Florida.

6. During all times material hereto, Defendant, FISCHER was managing member and owner of AWI within Delray Beach, Florida.

7. During all times material hereto, Defendant, FISCHER, was over the age of 18 years, an officer and/or director of the corporate Defendant, and was vested with the ultimate control and decision-making authority over the hiring, firing, day-to-day operations, and pay practices for Defendant, AWI, during the relevant time period.

8. Upon information and belief, during all times material hereto, Defendant, REVIEN, was a resident of the Southern District of Florida.

9. During all times material hereto, Defendant, REVIEN was managing member and owner of AWI within Delray Beach, Florida.

10. During all times material hereto, Defendant, REVIEN, was over the age of 18 years, an officer and/or director of the corporate Defendant, and was vested with the ultimate control

and decision-making authority over the hiring, firing, day-to-day operations, and pay practices for Defendant, AWI, during the relevant time period.

11. During all times material hereto, Defendant, FISCHER, was Plaintiff's employer, as defined by 29 U.S.C. § 203(d).

12. During all times material hereto, Defendant, REVIEN, was Plaintiff's employer, as defined by 29 U.S.C. § 203(d).

## JURISDICTION AND VENUE

13. All acts and omissions giving rise to this dispute took place within Palm Beach County, Florida, which falls within the jurisdiction of this Honorable Court.

14. Defendant, AWI, is headquartered and regularly transacts business in Palm Beach County, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

15. Venue is also proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

## GENERAL ALLEGATIONS

16. Defendant, AWI, provides maintenance on medical technology equipment in hospitals and other medical facilities in Florida, New York, New Jersey, Connecticut, Pennsylvania, Ohio and other locations throughout the United States.

17. On information and belief, AWI is headquartered out of Delray Beach, Florida, and has been operating in the State of Florida since 2017.

18. On further information and belief, Defendant, AWI employs more than one hundred (100) individuals throughout the United States.

**FLSA COVERAGE**

19. Defendant, AWI, is covered under the FLSA through enterprise coverage, as AWI was engaged in interstate commerce during Plaintiff's employment period. More specifically, AWI's business and Plaintiff's work for AWI affected interstate commerce because the goods and materials Plaintiff and other employees used and/or handled on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same. Accordingly, Defendant, AWI, was engaged in interstate commerce pursuant to *29 U.S.C. § 203(s)(1)(B)*.

20. During his employment with Defendants, Plaintiff and multiple other employees handled and worked with various good and/or materials that moved through interstate commerce, including, but not limited to: cell phones, imaging equipment, computers, computer keyboards, pens, pencils, paper, cables, screwdrivers, and other tools, etc.

21. Defendant, AWI, regularly employed two (2) or more employees for the relevant time period, and these employees handled goods or materials similar to those goods and materials handled by Plaintiff, thus making Defendant, AWI an enterprise covered by the FLSA.

22. Upon information and belief, Defendant, AWI, grossed or did business in excess of $500,000.00 during the years of 2017, 2018, 2019 and is expected to gross in excess of $500,000.00 in 2020.

23. During all material times hereto, Plaintiff was a non-exempt employee of Defendants, AWI, FISCHER, and REVIEN within the meaning of the FLSA.

24. During all material times hereto, Plaintiff was required to use the instrumentalities of commerce on a regular and recurrent basis such that he is individually covered under the

FLSA. More specifically, Defendants regularly instructed and required Plaintiff to use the interstate highways to transport himself to different locations in different states throughout the workweek.

## PLAINTIFF'S WORK FOR DEFENDANTS

25. Plaintiff began working for Defendants in August 2019 and continued to do so until about August 20, 2020.

26. During all times periods pertinent to this Complaint, Plaintiff performed non-exempt work for Defendants as a Field Service Imaging Engineer.

27. During all times material hereto, Defendants misclassified Plaintiff and a class of at least sixty (60) Field Service Imaging Engineers as exempt employees under the FLSA and paid them a flat salary regardless of the number of hours worked in each workweek.

28. Plaintiff and similarly situated Field Service Imaging Engineers worked an average of sixty (60) hours per week during their employment with Defendants and their regular duties consisted of field service installations and repair of medical imaging equipment.

## INDIVIDUAL EMPLOYER LIABILITY

29. During pertinent times to Plaintiff's employment, Defendant, FISCHER, was the President of AWI and oversaw the day-to-day operations of the company and instructed Plaintiff and other employees on their duties and responsibilities. Defendant, FISCHER, also controlled the payroll practices and policies of the company and directed when and where certain diagnostic equipment is serviced and installed by Plaintiff and other Field Service Imaging Engineers.

30. During pertinent times to Plaintiff's employment, Defendant, REVIEN, was CEO of AWI and also oversaw the day-to-day operations of the company and instructed Plaintiff and

other employees on their duties and responsibilities. Defendant, REVIEN, also controlled the payroll practices and policies of the company and directed when and where certain diagnostic equipment is serviced and installed by Plaintiff and other Field Service Imaging Engineers.

31. Defendants, FISCHER and REVIEN, hold themselves out to the public as the founders of AWI and exercise full control over the operations of AWI.

32. During all times material hereto, Defendants were expressly aware of the work performed by Plaintiff and the class of similarly situated Field Service Imaging Engineers, but nevertheless required Plaintiff and these other individuals to continue working without receiving proper overtime compensation.

33. Defendants refused to pay Plaintiff proper compensation for overtime compensation at the federally mandated rate of time and one half for work exceeding forty (40) hours per week.

**COLLECTIVE ACTION ALLEGATIONS**

34. Plaintiff brings this FLSA claim on behalf of himself and all similarly situated Field Service Imaging Engineers who work or have worked for AWI or who have performed such duties who elect to opt into the FLSA claims asserted in this action.

35. During the past three (3) years, Defendants improperly classified, and continue to misclassify, these employees as exempt for the purpose of overtime compensation eligibility under the FLSA without reference to the types of duties those workers perform.

36. Plaintiff and current and former Field Service Imaging Engineers customarily and regularly performed non-exempt physical or manual work. That is, the primary duties of Plaintiff and similarly situated Field Service Imaging Engineers consist of installing, maintaining

and troubleshooting medical and radiological imaging and diagnostic equipment used by medical facilities in different parts of the United States.

37. Plaintiff and current and former Field Service Imaging Engineers rarely, if ever, exercise true discretionary powers in connection with matters of significance.

38. Plaintiff and current and former Field Service Imaging Engineers were not and are not relatively free from supervision in connection with matters of significance.

39. Plaintiff and current and former Field Service Imaging Engineers are not required to have any advanced training or prolonged course of specialized intellectual instruction as a condition to gaining employment with Defendants.

40. Plaintiff and current and former Field Service Imaging Engineers were not required to obtain a particular academic degree before becoming employed by Defendants.

41. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and similarly situated employees. Defendants' failure to pay overtime compensation to similarly situated Field Service Imaging Engineers results from AWI's standard policy and business practices, the putative class members are readily identifiable, and all Field Service Imaging Engineers performed similar duties, responsibilities and activities, all of whom were and are harmed by Defendants' unlawful decision refusing and failing to pay overtime compensation in violation of the FLSA. Notice should be sent to FLSA putative Class Members pursuant to 29 U.S.C. 216(b).

42. The proposed class is defined as follows:

> **All persons currently or formerly employed as a Field Service Imaging Engineer performing installation, maintenance and/or repair of certain medical diagnostic equipment used or operated by Defendant, 626 AWI LLC, in the United States who worked in excess of forty (40) hours during one or more workweeks without receiving overtime compensation within three (3) years**

7

> **of the date this action was commenced who did not accept a Department of Labor settlement.**

43. Defendants have engaged in a widespread pattern and practice of violating the FLSA as set forth herein and have effectuated and enforced this widespread pattern in several states all from their headquarters in Delray Beach, Florida.

44. Plaintiff has consented in writing to be a party to the action, pursuant to 29 U.S.C. 216(b).

## DEPARTMENT OF LABOR INVESTIGATION

45. On information and belief, in the summer of 2020, while Plaintiff was still employed with the Defendants, the United States Department of Labor ("DOL") conducted an investigation and audit into the unlawful pay practices at issue in this lawsuit.

46. Following the conclusion of this investigation, Defendants offered settlement payments supervised by the DOL to several company employees including the Plaintiff.

47. When Plaintiff received this proposed settlement offer, he contacted Defendants and rejected the amount offered because it did not actually compensate him for the hours worked and demanded that he actually be paid the full amount of overtime wages he was owed under the FLSA.

48. As a direct result of Plaintiff's invocation of his rights under the FLSA, Defendant, REVIEN, acting on behalf of Defendant, 626 AWI LLC, terminated Plaintiff's employment.

49. On information and belief, several other Field Service Imaging Engineers rejected the offers extended by Defendants in August 2020 and are interested in fully recovering their hard-earned wages under federal law.

50. As a result of Defendants' intentional and willful failure to comply with the FLSA, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs incurred in the prosecution of these claims.

**COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS – *29 U.S.C. § 207***
**(Plaintiff and Similarly Situated Individuals Against All Defendants)**

51. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 50 as though set forth fully herein.

52. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 216(b)* on behalf of himself and all other similarly situated Field Service Imaging Engineers in the United States.

53. Plaintiff claims the time-and-one-half rate for each hour worked in excess of forty (40) per week for himself and all others similarly situated during the past three (3) years.

54. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the FLSA, as Defendants knew of the overtime requirements of the FLSA.

55. Defendants recklessly failed to investigate whether Defendants' payroll practices were in accordance with the FLSA during the relevant time period.

56. Accordingly, the statute of limitations in this action should be three (3) years as opposed to two (2) years.

57. Defendants' willful and/or intentional violations of federal wage law entitle Plaintiff and similarly situated Field Service Imaging Engineers to an additional amount of liquidated, or double, damages.

58. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, ZACHARY KOLLEGGER, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, 626 AWI LLC, MICHAEL FISCHER, and PHILLIP REVIEN, and award Plaintiff: (a) unliquidated damages to be paid by the Defendants jointly and severally; (b) liquidated damages to be paid by the Defendants jointly and severally; (c) reasonable attorney's fees and costs to be paid by the Defendants jointly and severally; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## COUNT II – FLSA RETALIATION
**(Plaintiff, KOLLEGGER, Against Defendants REVIEN and 626 AWI LLC)**

59. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 50 as though set forth fully herein.

60. On or about August 20, 2020, Plaintiff engaged in protected activity under the FLSA by demanding that Defendants fully compensate him overtime wages he was owed under federal law.

61. Defendant, 626 AWI LLC, had express knowledge of Plaintiff's protected activity, as Plaintiff verbally invoked his rights under the FLSA to Defendant, REVIEN – the CEO and owner of 626 AWI LLC.

62. Immediately after Plaintiff invoked his rights under the FLSA, Defendant, REVIEN, terminated Plaintiff in direct response to Plaintiff claiming entitlement to wages owed under federal law.

63. The temporal proximity of Plaintiff's termination to Plaintiff's invocation of his FLSA rights creates a presumption that Plaintiff's protected activity was the direct cause of his termination.

64. Any other justification given for Plaintiff's termination is pre-textual.

65. Defendant's termination of Plaintiff constitutes unlawful retaliation that is prohibited under the FLSA.
66. Since his termination, Plaintiff has mitigated his damages by attempting to find alternative work, but as of the date of this filing, has been unsuccessful.
67. As a result of Plaintiff's unlawful termination, Plaintiff has suffered damages including lost back wages, lost front wages, emotional distress, pain and suffering, loss of reputation, and other damages that will be proven at trial.
68. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, ZACHARY KOLLEGGER, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, 626 AWI LLC, and PHILLIP REVIEN, and award Plaintiff: (a) back wages to be paid by Defendants jointly and severally; (b) front wages to be paid by Defendants jointly and severally; (c) damages arising from emotional distress, pain and suffering, and loss of reputation to be paid by Defendants jointly and severally; (d) immediate reinstatement or wages in lieu of reinstatement in the event that reinstatement is not feasible; reasonable attorney's fees and costs to be paid by Defendants jointly and severally; and any and all such further relief as this Court may deem just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, ZACHARY KOLLEGER, requests and demands a trial by jury on all appropriate claims.

**Dated this 2nd day of September 2020.**

        Respectfully Submitted,

        **USA EMPLOYMENT LAWYERS-**
        **JORDAN RICHARDS, PLLC**
        805 E. Broward Blvd. Suite 301
        Fort Lauderdale, Florida 33301
        Ph: (954) 871-0050
        *Counsel for Plaintiff*

        By: */s/ Jordan Richards*
        JORDAN RICHARDS, ESQUIRE
        Florida Bar No. 108372
        JAKE BLUMSTEIN, ESQUIRE
        Florida Bar No. 1017746
        Jordan@jordanrichardspllc.com
        Melissa@jordanrichardspllc.com
        Jake@jordanrichardspllc.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on September 2, 2020.

        By: */s/ Jordan Richards*
        JORDAN RICHARDS, ESQUIRE
        Florida Bar No. 108372

**SERVICE LIST:**